**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,**

v.

**CIRCUIT COURT OF FRANKLIN COUNTY, Hon. John C. Brackman, Respondent.**

No. 47381.

Missouri Court of Appeals, Eastern District.

Aug. 16, 1983.

Bruce A. Ring, Jefferson City, Joy A. Ryan, Kirkwood, for relator.

Steven P. Kuenzel, Politte, Thayer & Kuenzel, Washington, for respondent.

SMITH, Presiding Judge.

Relator sought our writ of mandamus to test an order of respondent dismissing some, but not all, of the defendants from relator's condemnation suit.

Relator sought to condemn a series of parcels of land in Franklin County for the improvement of Highway 50. It sought, in addition to easements for right of way and permanent construction easements, temporary construction easements. Certain defendants filed a motion for more definite statement requesting the commencement dates of the temporary easements and the length of time they would be in effect. As an alternative these defendants sought dismissal of the petition for condemnation. The trial court entered its order of condemnation as to four parcels, and as to the interest of some but not all defendants in four other parcels. The order then provided:

> "It is further ordered that as to all remaining parcels and interests the petition be dismissed for failure, according to plaintiff's own evidence, to be able to

comply with 523.040 RSMo., 1978, in that commissioners are unable to assess damages for construction easements without a firm time for duration and period of construction."

The result of the order is to proceed with condemnation of some parcels and portions of other parcels and to prevent condemnation of the remaining parcels and portions of parcels.

■ There is nothing in Sec. 523.040 which requires the relator to specify the length and duration of temporary construction easements. Sec. 523.010, RSMo 1978, specifies what must be included in relator's *petition for condemnation.* Those items are the general direction of the road proposed, a description of the real estate or other property sought to be acquired, the names of the owners thereof, and a description of the property whose owners are unknown. In addition, *State ex rel. Weatherby Advertising Company Inc. v. Conley,* 527 S.W.2d 334 (Mo. banc 1975) [1] requires that the petition contain an allegation that the condemnor and property owners have been unable to agree on compensation to be paid for the property being taken. All of these requirements have been met in relator's petition.

We are cited to no authority which requires relator to allege those additional matters found by respondent to cause this petition to be partially fatally defective. Nor have we been given any persuasive reason why such additional matters should be required. In *State ex rel. State Highway Commission v. Ellis,* 382 S.W.2d 225 (Mo.App.1964) [8, 9], the court stated the limits of recovery in condemnation as follows:

> "The recovery is limited to (and should include) such damage, *whether present or prospective,* which may be known or *may reasonably be expected to result from the construction in a lawful and proper manner."* (Emphasis in original).

■ The damages arising from temporary construction easements are a matter of evidence and expert appraisal, just as are many other items of damage in condemna-tion cases. There is nothing in the statutes or case law which require pleading of the commencement and duration of the temporary construction easements. Failure to make such allegations does not support an order of dismissal.

The trial court has found all prerequisites required by law for condemnation of the property described in relator's petition. In such posture the court has no jurisdiction to do other than order the land condemned and appoint commissioners as provided in Sec. 523.040.

Respondent is ordered to set aside his order of June 10, 1983, and to decree condemnation of all parcels and appoint commissioners.

STEPHAN and KAROHL, JJ., concur.