**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant,**

**v.**

**Max PRACHT, et al., Respondents.**

**No. 47290.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1984.

Joy Ann Ryan, Kirkwood, for appellant.

Steven P. Kuenzel, Washington, for respondents, Eckelkamp, Eckelkamp, Wood & Kuenzel, of counsel.

STEWART, Judge.

This is an action brought by the Missouri Highway and Transportation Commission (plaintiff) to condemn certain lands in which defendants have an interest. After the court dismissed the original petition in condemnation plaintiff filed an amended petition which the court dismissed after hearing. Upon this appeal by plaintiff we reverse and remand with directions.

Plaintiff brought this action for the purpose of condemning property in Franklin County for the purpose of widening and improving Highway 50. It sought permanent easements and temporary construction easements.

The issue in this case is whether plaintiff is required to make a binding commitment to commence or complete construction within a reasonable time in the foreseeable future so as not to unreasonably burden the land and the owners of land subject to temporary easements.

Plaintiff in its amended petition allowed a maximum period of three years for use of the temporary construction easements. It specifically provided that "all right of [plaintiff in the temporary construction easements] to begin upon the letting of the construction contract applicable to this Parcel and to cease as soon as construction of said road is completed or within three years of the letting of the said contract, whichever occurs earlier."

The trial court found (1) "a present intent to complete the improvement within the reasonable foreseeable future;" (2) "a reasonable expectation that funds will be available to complete the improvement in the foreseeable future;" (3) "the plaintiff [appellant] has determined a need for the public improvement;" and (4) plaintiff "has made bonafide offers to purchase the rights necessary to make the improvement." The trial court denied the order of condemnation because "neither the evidence nor the pleadings contain any binding commitment by the plaintiff to commence or complete construction of the improvements within a reasonable time in the future."

In *Missouri Highway and Transportation Commission v. Circuit Court of Franklin County*, 656 S.W.2d 829 (Mo. App.1983), the Commission in its petition, which also sought to condemn other land for Highway 50 and for permanent and temporary construction easements, failed to allege a firm time for the duration of temporary construction easements. The trial court entered its order of condemnation as to four parcels and the interest of some but not all defendants in four other parcels. As to the remaining parcels and interests, the trial court denied the order of condemnation because of the failure of the Commission to set a duration for the temporary construction easements. This court issued its writ of mandamus ordering the trial court to enter its order of condemnation and to appoint commissioners. "There is nothing in the statutes or case law which require pleading of the commencement and duration of the temporary construction easements." *Id.* at 830[2].

The issue here for all practical purposes is identical with that which was determined in *Missouri Highway and Transportation Commission v. Circuit Court of Franklin County, supra.* Although plaintiff did not set a definite date for commencement of construction it did commit itself to a maxi-

mum use of the temporary easements of three years from date the construction contracts were let.

With the possibility of intervening litigation, the time frame within which the Commission appointed by the court may act and other contingencies, the Commission would be hard put to make a binding commitment as to the commencement of construction. The law makes no such requirement.

When all jurisdictional requirements have been met the trial court has no discretion as to whether the property shall be condemned. The trial court here found all the jurisdictional requirements for condemnation had been met and the court was required to condemn the properties and appoint the Commissioners. § 523.010, RSMo 1978; *Missouri Highway and Transportation Commission v. Circuit Court of Franklin County, supra.*

This cause is reversed and remanded to the circuit court with directions to set aside its order of April 15, 1983, decree condemnation of all parcels and appoint Commissioners.

SNYDER, P.J., and STEPHAN, J., concur.